## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| KENALL MANUFACTURING COMPANY, | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | **Case No. 09-CV-1284** |
| v. | ) | |
| | ) | |
| H.E. WILLIAMS, INC., | ) | Mag. Judge Cole |
| Defendant/Counterclaim-Plaintiff. | ) | |

---

### STIPULATED PROTECTIVE ORDER

---

This matter has come before this Court upon stipulation of the parties. The parties recognize that, during the course of this action, they and non-parties may need to disclose, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, private information, trade secrets and other proprietary and confidential technical or commercial information. The parties believe that good cause exists for the entry of this Protective Order because they are competitors in the same field of business.

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this action:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all

1

disclosures or responses to discovery and that the protection it affords extends only to the limited

information or items that are entitled under the applicable legal principles to treatment as

confidential. The parties further acknowledge, as set forth in Section 10, below, that this

Stipulated Protective Order creates no entitlement to file confidential information under seal; the

Civil Local Rules set forth the procedures that must be followed and reflect the standards that

will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items, documents, information or things,

regardless of the medium or manner generated, stored, or maintained (including, among other

things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or

responses to discovery in this matter.

2.3 "Confidential" Information or Items: documents, information (regardless of how

generated, stored or maintained) or tangible things that qualify for protection under the standards

of F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys and Experts Only" Information or Items:

extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

non-party would create a substantial risk of serious injury that could not be avoided by less

restrictive designation.

2

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys and Experts Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys and Experts Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant, advisor or investigator in this action and who is not a past or a current employee of a Party or of a competitor of a Party's, or associated therewith, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. By entering this Stipulation and Order, this Court is making no finding whether or not any Protected Material qualifies as a trade secret under the Illinois Trade Secrets Act, 765 ILCS § 1065 *et seq.*, the Uniform Trade Secrets Act, or any other applicable trade secrets statutes.

## 4. DURATION

This Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A

4

Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), 5.2(b) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

5

and must specify, for each portion, the level of protection being asserted (either

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS

ONLY").

A Party or non-party that makes original documents or materials available for

inspection need not designate them for protection until after the inspecting Party has

indicated which material it would like copied and produced. During the inspection and

before the designation, all of the material made available for inspection shall be deemed

"HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY." After the

inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions thereof, qualify for

protection under this Order, then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY") on each page that contains

Protected Material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

by making appropriate markings in the margins) and must specify, for each portion, the

level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that

the Party or non-party offering or sponsoring the testimony identify on the record, before

the close of the deposition, hearing, or other proceeding, all protected testimony, and

further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL

– ATTORNEYS AND EXPERTS ONLY." When it is impractical to identify separately

each portion of testimony that is entitled to protection, and when it appears that

substantial portions of the testimony may qualify for protection, the Party or non-party

that sponsors, offers, or gives the testimony may invoke on the record (before the

deposition or proceeding is concluded) a right to have up to 30 days to identify the

specific portions of the testimony as to which protection is sought and to specify the level

of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS AND EXPERTS ONLY"). Only those portions of the testimony that are

appropriately designated for protection within the 30 days shall be covered by the

provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the

court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY," as instructed

by the Party or non-party offering or sponsoring the witness or presenting the testimony.

When information that could support a designation of "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY" is communicated in a

deposition, any Party shall be permitted to exclude from attendance at the deposition any

person not entitled to receive such information.

(c) for information produced in some form other than documentary, and for any

other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS

7

ONLY." If only portions of the information or item warrant protection, the Producing

Party, to the extent practicable, shall identify the protected portions, specifying whether

they qualify as "Confidential" or as "Highly Confidential – Attorneys and Experts Only."

   5.3 Inadvertent Failures to Designate. No receiving party shall be under any obligation of

confidentiality with respect to Discovery Material until a designation is made. A failure to

designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys

and Experts Only" does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such Discovery. If material is appropriately designated as

"Confidential" or "Highly Confidential – Attorneys and Experts Only" after the Discovery

Material was initially produced, the Receiving Party, on timely notification of the designation,

must make reasonable efforts to assure that the Discovery Material is treated in accordance with

the provisions of this Order.


6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

   6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

confidentiality designation must do so in good faith and must begin the process by conferring

directly (in voice to voice dialogue; other forms of communication are not sufficient) with

counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to contest a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the Civil Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

# 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

to the categories of persons and under the conditions described in this Order. When the litigation

has been terminated, a Receiving Party must comply with the provisions of section 11, below

"FINAL DISPOSITION".

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the

court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as

employees of said Counsel to whom it is reasonably necessary to disclose the information

for this litigation;

(b) the officers, directors, and following three employees of the Receiving Party

to whom disclosure is reasonably necessary for this litigation and who have signed the

"Declaration of Confidentiality" attached hereto as Exhibit A;

for Kenall Manufacturing Company:

William Hartwig
David Michals
Jim Haerle

for H.E. Williams, Inc.:

Phil Slinkard
Roger Robertson
Ron Snyder

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary

for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A);

10

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or a recipient of the document or the original source of the information.

7.3 Disclosure of "Highly Confidential – Attorneys and Experts Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys and Experts Only" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) James Hawkins of Kenall Manufacturing Company and Mark Williams of H.E. Williams, Inc.;

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Declaration of Confidentiality"

11

(Exhibit A);

      (d) the Court and its personnel;

      (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A); and

      (f) the author or recipient of the document, or the original source of the information.

      7.4 <u>Procedures for Approving Disclosing "Confidential" or "Highly Confidential – Attorneys and Experts Only" Items to Experts</u>. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY" to any Expert, each such Expert shall execute a declaration in the form of attached Exhibit A and a copy of the executed declaration shall be served upon opposing counsel. The latter may object within seven (7) business days from the date of service and must set forth with specificity the basis for any such objection. In the event an objection is timely served, no disclosure shall occur until the objection is resolved. Any such objections must be based on good cause. Attorneys of record for each of the parties shall retain all of the original executed declarations.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

      If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS

ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

immediately and in no event more than three (3) business days after receiving the subpoena or

order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the

subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued. The

Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its confidential material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.


9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

13

this Order, and (d) request such person or persons to execute the "Declaration of Confidentiality" that is attached hereto as Exhibit A.

10. <u>USE OF "PROTECTED INFORMATION" IN CONDUCT OF THIS ACTION</u>

(a) Protected Material may be used by the attorneys of record in good faith in conducting discovery, including depositions, provided that the Protected Material is protected pursuant to the terms and conditions of this Protective Order.

(b) during the course of any deposition, upon any inquiry with regard to the content of a document marked CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY , or when counsel for a person (Party or nonparty) deems in good faith that the answer to a question may result in the disclosure of Protected Material within the meaning of this Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the transcription of the questions and answers be marked as CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in Paragraph 7 of this Protective Order, and the information contained therein shall not be used for any purpose other than as provided in this Order. Counsel for the person whose Protected Material is involved may also request that all persons other than the reporter, counsel, and individuals authorized under Paragraph 7 of this Protective Order leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

14

(c) notwithstanding the Parties' designation of Protected Material, any court hearing which refers to or describes Protected Material shall in the Court's discretion be held in open court with records unsealed, unless there is a specific showing under law that confidentiality is required. The Designating Party has the option to request that the proceeding be conducted *in camera*, out of the presence of all persons who are not qualified persons pursuant to Paragraph 7 of this Order (depending on the level of confidentiality designated for such Protected Material), and that any transcript relating thereto, subject to the Court's approval, be designated as Protected Material.

(d) a Party that seeks to file under seal any Protected Material must comply with the Local General Rules including LR 5.2(a), 5.8, 26.2, and the General Order on Electronic Case Filing. The Parties understand that the current applicable local rules and orders provide for electronic filing of sealed documents with separate service on opposing counsel rather than filing in sealed envelopes as contemplated in LR 5.8 and 26.2.

(e) if the court clerk refuses to lodge or file a sealed pleading or memorandum, the Party attempting to file or lodge the pleading or memorandum shall not be prejudiced from refiling an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Should a Party fail to file or lodge any Protected Material in accordance with this Protective Order, any Party who in good faith believes that designation and filing under seal is required may do so within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties.

15

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. After providing advance notice to the Designating Party detailing what will be destroyed, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

The Parties shall consent to the Court's destruction of such Protected Material, and if the Court is not willing to destroy such Protected Material, then the Parties shall consent to withdraw from the Court all Protected Material filed, lodged, or otherwise delivered to the Court under seal pursuant to Paragraph 10 of this Order.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

16

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u> The Court shall retain jurisdiction for the purpose of

ensuring compliance with this Order and granting such modifications to this Order and such

other relief as may be necessary, and either Party may apply to the Court for a modification to

this Order.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order

no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

12.3 <u>Non-Protected Material.</u> Notwithstanding anything in this Order to the contrary, the

confidentiality obligations of this Order shall not prohibit the use by any Party of any

information, document, item or thing (for which no other obligation of confidentiality exists):

that are currently in a Party's or individual's possession, custody, or control; that later come into

the possession of a Party to this action from others lawfully in possession of such information,

documents, items or things who are not parties to this action or bound by this or a comparable

Order or obligation; that are in the public domain; or that are required to be disclosed by any law,

regulation, order, or rule of any governmental authority, subject to paragraph 8 above.

12.4 <u>Attorney-Client Privilege and Work Product Protection.</u> Inadvertent production of

Discovery Material subject to work product protection or the attorney-client privilege shall not

constitute a waiver of the protection or privilege subject to the provisions of Federal Rule of

Evidence 502. Inadvertently produced Discovery Material, and all copies thereof, shall be

returned to the Producing Party upon request. The Producing Party shall immediately provide

the Receiving Party a log of the inadvertently produced documents pursuant to Rule 26(b)(5).

No use may be made of such Discovery Material subsequent to the request to return them.

Nothing in this Order shall prevent the Receiving Party from requesting that the Court order the

production of any such inadvertently produced Discovery Material.

12.6 <u>Advice of Counsel</u>. Nothing in this Stipulated Protective Order shall prevent or

otherwise restrict counsel from rendering advice to their clients and, in the course thereof,

relying generally on examination of stamped confidential documents; provided, however, that in

rendering such advice and otherwise communicating with such client, counsel shall not make

specific disclosure of any item so designated unless permitted hereunder, agreed upon by the

parties or authorized by the Court.

**************************************************

The parties agree to abide by and be bound by the terms of this Stipulated Protective

Order upon signature by their attorneys.

Dated: November 24, 2009

By_____s/Steven M. Shape_____
        Steven M. Shape (IL Bar #6183902)
        Attorneys for Plaintiff, Kenall Manufacturing Company
        JANSSON SHUPE & MUNGER LTD.
        245 Main Street
        Racine, WI 53403
        Tel: (262) 632-6900
        Fax: (262) 632-2257

18

Dated: November 24, 2009

By _____ s/Arthur Gollwitzer III _____
         Arthur Gollwitzer III (IL Bar #6225038)
         Attorneys for Defendant, H.E. Williams, Inc.
         MICHAEL BEST & FRIEDRICH LLP
         Two Prudential Plaza
         Chicago, IL 60601
         Telephone: 312-222-0800

**APPROVED AND SO ORDERED** this 8 day of _June, 2010_ _mune pro tunc November 24, 2009._

_____
Magistrate Judge Jeffery Cole
United States District Court
Northern District of Illinois

19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| KENALL MANUFACTURING COMPANY, | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | **Case No. 09-CV-1284** |
| v. | ) | |
| | ) | |
| H.E. WILLIAMS, INC., | ) | Mag. Judge Cole |
| Defendant/Counterclaim-Plaintiff. | ) | |

---

### DECLARATION OF CONFIDENTIALITY

---

I, _____, hereby declare as follows:

1. My address is_____.

2. My present employer is _____ located at _____

3. My present occupation or job description is _____

4. I have received a copy of the "Stipulated Protective Order" entered in this action on or

about_____

5. I have carefully read and understand the provisions of the "Stipulated Protective

Order."

6. I will comply with all of the provisions of the "Stipulated Protective Order."

7. I will not disclose to anyone other than those to whom disclosure is permissible under

the "Stipulated Protective Order" any information, documents or things designated

**EXHIBIT A**

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY."

8. I will return, to counsel for the party which disclosed or furnished documents or things to me, all documents and things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND EXPERTS ONLY" which may come into my possession (and all copies thereof), doing so promptly upon the conclusion of this litigation.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the "Stipulated Protective Order" and of the terms of this declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____
              (Date)                                    (City and State)

_____
(Signature)

**EXHIBIT A**